IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA ORR, STEPHEN ORR,
and PATRICIA PAIZ,

        Plaintiffs,

v.                                                              CIV. No. 01-1365 JP/RHS

CITY OF ALBUQUERQUE and
MARY BETH VIGIL,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On February 24, 2003, Defendants City of Albuquerque ("City") and Mary Beth Vigil filed an "Appeal of Nondispositive Ruling Pursuant to Rule 72(a)" (Doc. No. 58). On March 3, 2003, Defendants filed a "Motion to Renew Their Motion for Summary Judgment" (Doc. No. 62). Having considered the parties' briefs, arguments, and the relevant case law, this Court will deny Defendants' appeal of United States Magistrate Judge Richard L. Puglisi's Order of February 7, 2003, and will deny, without prejudice, Defendants' Motion to Renew Their Motion for Summary Judgment.

I.   **Background**

On September 9, 2002, Defendants served Plaintiffs with Defendants' responses to Plaintiff's first set of interrogatories and requests for production. In their responses, Defendants made numerous objections to Plaintiffs' interrogatories and requests for production. Defendants also incorporated by reference many of the objections asserted by Plaintiffs in Plaintiffs' responses

to Defendants' discovery requests.  Consequently, on October 3, 2002, Plaintiffs filed a motion to compel Defendants to respond to Plaintiffs' first set of interrogatories and requests for production (Doc. No. 28).

On December 2, 2002, Defendants filed a Motion for Summary Judgment (Doc. No. 39). That same day, the Honorable Richard L. Puglisi entered an Order granting Plaintiffs' Motion to Compel (Doc. No. 38).  Judge Puglisi instructed Defendants to answer each interrogatory and request for production "in straightforward declarative sentences" and to "include all information within Defendants' control or known by Defendants' agents."  Id. at 2.  Judge Puglisi further ordered, "Defendants shall answer each interrogatory and each request for production without reference to objections.  Each interrogatory shall be answered separately and specifically or state in detail why Defendants cannot answer or respond as ordered by the Court."  Id. at 3. Additionally, Judge Puglisi provided that if Plaintiffs did not receive Defendants' answers and responses in a timely fashion, Plaintiffs were to send a letter to Judge Puglisi by December 19, 2002, "outlining the failure of Defendants to answer and respond and specifically requesting attorney's fees and costs in an amount certain."  Id. at 3-4.

Defendants served Plaintiffs with Defendants' first amended responses on December 18, 2002.  Defendants' supplemental responses included numerous objections to the interrogatories and requests for production.  The following day, Plaintiffs submitted a letter to Judge Puglisi detailing the purported deficiencies in Defendants' responses and requesting attorney's fees and costs in the amount of $2,386.50 for Defendants' alleged violations of the December 2, 2002 Order.  On December 23, 2002, Defendants responded by letter to Judge Puglisi, explaining that they interpreted Judge Puglisi's Order to mean that Defendants could not reference Plaintiffs'

2

objections, but that Defendants could still make specific objections to interrogatories and requests for production to which Defendants believed they did not have to respond.

On February 7, 2003, after reviewing Defendants' amended answers and responses to Plaintiffs' interrogatories and requests for production, Judge Puglisi entered an Order requiring Defendants to re-answer completely and fully, without objections, Interrogatory Nos. 1, 3, 5, 10, 12, 13, 14, 16, 17, and 19.  (Doc. No. 54).  Judge Puglisi also ordered Defendants to re-respond completely and fully, without objections, to Plaintiffs' Request for Production Nos. 3, 6, and 8. Id. at 2.  Additionally, Judge Puglisi determined that Defendants had violated his December 2, 2002 Order.  In accordance with FED. R. CIV. P. 37(b), Judge Puglisi ordered Defendants to pay attorney's fees in the amount of $1,850.00, plus gross receipts tax.

Subsequently, on February 10, 2003, United States Magistrate Judge William W. Deaton denied without prejudice Defendants' Motion for Summary Judgment until Plaintiffs had an opportunity to follow up on the additional discovery information and materials that Judge Puglisi had ordered Defendants to provide (Doc. No. 56).  Judge Deaton stated that Plaintiffs "shall have the opportunity to supplement their response to Defendants' Motion with the above materials, as appropriate."  Id.  On February 14, 2003, Defendants served Plaintiffs with Defendants' second amended answers to Plaintiffs' first set of interrogatories and requests for production.

On February 24, 2003, Defendants filed an appeal with this Court of Magistrate Judge Puglisi's February 7, 2003 Order.  Defendants argue that Magistrate Judge Puglisi did not rule on the merits of Defendants' objections and that Defendants' failure to respond properly to Plaintiffs' discovery requests arose from a misinterpretation of Judge Puglisi's December 2, 2002 Order.

Defendants request that the Court require Plaintiffs to sign a confidentiality order, sustain Defendants' objections on the merits, and reverse the imposition of attorney's fees.

In addition, on March 3, 2003, Defendants filed a Motion to Renew Their Motion for Summary Judgment (Doc. No. 62). The next day, Plaintiffs filed an Amended Motion to Take Additional Discovery or For Order Under Rule 37(b)(2) (Doc. No. 64). On April 2, 2003, United States Magistrate Judge Robert H. Scott granted Plaintiffs' amended motion to take additional discovery to the extent that "discovery shall be reopened for the purpose of allowing Plaintiffs to depose Mary Beth Vigil and Ms. Judy Kelley, Esq." (Doc. No. 76). Judge Scott ordered this additional discovery to be completed on or before June 2, 2003. Id.

II.     **Discussion**

    A.     **Appeal of Magistrate Judge Puglisi's Nondispositive Order**

When reviewing a magistrate judge's nondispositive order, a district judge must consider objections to a magistrate judge's nondispositive order and modify or set aside any portion of the magistrate judge's order found to be "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). An order is clearly erroneous when, based on the entire evidence, the court is left with a "definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. United States Gypsum Co., 33 U.S. 364, 395 (1948)). In this case, Defendants request review of Magistrate Judge Puglisi's February 7, 2003 Order. In that Order, Judge Puglisi ruled that Defendants had violated his December 2, 2002 Order and that Plaintiffs were entitled to attorney's fees.

1. **Defendants' discovery objections**

Defendants primarily argue that Judge Puglisi's February 7, 2003 Order was clearly erroneous because Judge Puglisi did not address the merits of any of Defendants' discovery objections. Judge Puglisi, however, had already ruled on Defendants' objections in his December 2, 2002 Order, and thus, had no need to revisit Defendants' same objections in his February 7, 2003 Order.

In the December 2, 2002 Order, Judge Puglisi expressly ordered Defendants to re-answer and re-respond to Plaintiffs' discovery requests. Judge Puglisi struck all references in the answers and responses to objections and explicitly instructed Defendants to "answer *each* interrogatory and *each* request for production *without reference to objections*." Order (Doc. No. 38) at 3 (emphasis added). Moreover, Judge Puglisi's Order unambiguously granted Plaintiffs' Motion to Compel. Although this Court acknowledges that Judge Puglisi's December 2, 2002 Order did not discuss the reasons for overruling Defendants' objections, Judge Puglisi unambiguously disposed of Defendants' objections when he granted Plaintiffs' Motion to Compel and ordered Defendants to re-answer and re-respond to each and every interrogatory and request for production. Therefore, in order for this Court to review the substance of Defendants' objections to the discovery requests, Defendants had to timely file their objections to Judge Puglisi's December 2, 2002 Order.

Under FED. R. CIV. P. 72(a), a party must file objections to a nondispositive order of a magistrate judge within ten days after being served with a copy of the order. A party who fails to meet this ten-day deadline "may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." FED. R. CIV. P. 72(a). In this case, Defendants

5

failed to file objections to Judge Puglisi's December 2, 2002 Order within the requisite ten days. Defendants did not file a Rule 72(a) appeal until February 24, 2003, well beyond the ten-day deadline for appeal of the December 2, 2002 Order. Nonetheless, Defendants contend that the ten-day deadline for appeal should not be applied because Defendants reasonably misunderstood the meaning and effect of the December 2, 2002 Order.

This Court is unpersuaded by Defendants' argument that it can ignore Rule 72(a)'s unambiguous ten-day deadline. First, Defendants have not offered any authority for the proposition that a party's confusion regarding the meaning of a magistrate judge's nondispositive order is grounds for extending the ten-day deadline for filing an appeal of that order. Second, this Court does not find the December 2, 2002 Order to be unclear. That Order expressly granted Plaintiffs' Motion to Compel, placing Defendants on notice that their discovery objections had been overruled. Finally, even if the Order were unclear, Defendants could have filed a motion for clarification to resolve any ambiguity. Hence, according to Rule 72(a), Defendants waived review of Magistrate Judge Puglisi's December 2, 2002 Order when Defendants failed to timely appeal that Order. Therefore, this Court is barred from reviewing the merits of Defendants' discovery objections.

2. **Violation of December 2, 2002 Order**

Defendants next contend that Magistrate Judge Puglisi erred in holding that Defendants violated the December 2, 2002 Order. That Order explicitly instructed Defendants to "answer each interrogatory and each request for production without reference to objections." Order (Doc. No. 38) at 3. Despite this clearly worded instruction, Defendants continued to give incomplete information and make objections in their discovery responses. For example, in Interrogatory

No. 1, Defendants, objecting to the relevance of the request, failed to provide Plaintiffs with Defendant Vigil's date of birth.  In Interrogatory No. 3, Plaintiffs requested information regarding Defendant Vigil's job title, duties, promotions, demotions, or other transfers.  Defendants failed to supply this information, without offering any explanation.  In Plaintiffs' Request for Production No. 3, Plaintiffs asked for all documents regarding Defendant Vigil's employment with the City.  Instead of providing the documents to Plaintiffs, Defendants made numerous objections to the request.  These examples represent just a few of Defendants' failures to answer each interrogatory and each request for production without reference to objections.  Therefore, this Court concludes that Magistrate Judge Puglisi did not clearly err in determining that Defendants violated the terms of his December 2, 2002 Order.

      3.    **Attorney's Fees**

Moreover, this Court determines that Magistrate Judge Puglisi did not clearly err in awarding Plaintiffs' attorney's fees in the amount of $1,850.00.  Under Rule 37(b)(2), the Court may require a party who fails to obey an order to provide or permit discovery "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Defendants claim that the December 2, 2002 Order was unclear as to whether Defendants could still raise discovery objections.  Defendants contend that they reasonably interpreted the December 2, 2002 Order to bar reference only to Plaintiffs' objections, not to preclude Defendants' further objections.  Thus, Defendants argue that an award of attorney's fees is unjust.

This Court, however, for the reasons discussed above, finds that the December 2, 2002 Order unambiguously granted Plaintiffs' Motion to Compel and overruled Defendants' discovery objections. Defendants were explicitly directed to answer each interrogatory and request for production "without reference to objections." Order (Doc. No. 38) at 3. Defendants were also placed on notice that their failure to answer each interrogatory and request for production could result in the imposition of attorney's fees and costs. Id. Defendants should have carefully followed the terms of the Order or filed a motion for clarification to resolve any ambiguities. For these reasons, Defendants were not substantially justified in failing to comply fully with the December 2, 2002 Order.

Defendants also claim that they were not given an opportunity to be heard before the imposition of attorney's fees, as required by FED. R. CIV. P. 37(a)(4)(A). Defendants' argument is both misplaced and without merit. Under Rule 37(a)(4)(A), a court may, after affording an opportunity to be heard, impose attorney's fees and reasonable expenses incurred in preparing a motion to compel against the party necessitating the motion. In his December 2, 2002 Order, Magistrate Judge Puglisi denied Plaintiffs' request for attorney's fees and costs under Rule 37(a)(4)(A), despite the fact that he granted Plaintiffs' Motion to Compel. Order (Doc. No. 38) at 3. Magistrate Judge Puglisi only awarded Plaintiffs attorney's fees after finding that Defendants later violated his December 2, 2002 Order. Judge Puglisi imposed attorney's fees under Rule 37(b)(2), not under Rule 37(a)(4)(A). Unlike Rule 37(a)(4)(A), Rule 37(b)(2) does not require a judge to give Defendants an opportunity to be heard prior to the imposition of attorney's fees for failure to obey a court order. However, even if an opportunity to be heard were required, Defendants were provided one when Judge Puglisi considered Defendants'

December 23, 2002 response letter to Plaintiffs' request for attorney's fees.  See Boilermaker-Blacksmith Nat'l Pension Fund v. Nevada, 1997 WL 118443 (D.Kan. Mar. 11, 1997) (holding that party had sufficient opportunity to be heard within meaning of Rule 37 where party filed written response).  Hence, Magistrate Judge Puglisi did not clearly err in awarding attorney's fees to Plaintiffs.

As for the amount of attorney's fees awarded to Plaintiffs, this Court finds that the fee amount of $1,850.00 is reasonable.  Plaintiffs requested $2,386.50 in attorney's fees for 12.9 hours of work at $185 per hour.  Plaintiffs' counsel expended 12.9 hours drafting the motion to compel, the reply in support of the motion to compel, and the letter regarding Defendants' amended discovery responses.  Magistrate Judge Puglisi reduced the requested amount of fees by more than $500.00.  Based on the evidence, this Court concludes that Magistrate Judge Puglisi did not clearly err in awarding Plaintiffs $1,850.00 in attorney's fees.

B. **Motion to Renew Defendants' Motion for Summary Judgment**

On February 10, 2003, Magistrate Judge Deaton denied without prejudice Defendants' Motion for Summary Judgment until after Plaintiffs had an opportunity to follow up on the additional discovery information and materials that Judge Puglisi had ordered Defendants to provide in his February 7, 2003 Order.  (Doc. No. 56).  Defendants contend that Defendants' Motion for Summary Judgment should now be renewed because Defendants have provided Plaintiffs with Defendant Vigil's personnel file and other related files relevant to the summary judgment motion.  However, on April 2, 2003, Magistrate Judge Scott ordered that "discovery shall be reopened for the purpose of allowing Plaintiffs to depose Mary Beth Vigil and Ms. Judy

9

Kelley, Esq. Said depositions shall be scheduled and completed on or before June 2, 2003." (Doc. No. 76).

Given that discovery is not scheduled for completion until on or before June 2, 2003, this Court concludes that it is not appropriate to renew Defendants' Motion for Summary Judgment at this time. Defendants' Motion to Renew Their Motion for Summary Judgment will be denied without prejudice pending the completion of the discovery ordered by Magistrate Judge Scott in his April 2, 2003 Order.

IT IS THEREFORE ORDERED that

1. Defendants' Appeal of Nondispositive Ruling Pursuant to Rule 72(a) (Doc. No. 58) is DENIED.

2. Defendants must comply with the unsatisfied requirements of Judge Puglisi's February 7, 2003 Order on or before May 20, 2003.

3. Defendants' Motion to Renew Their Motion for Summary Judgment (Doc. No. 62) is DENIED without prejudice pending the completion of the discovery ordered by Magistrate Judge Scott in his April 2, 2003 Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE