IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA ORR, STEPHEN ORR,
and PATRICIA PAIZ,

    Plaintiffs,

vs.                                                      Civ. No. 01-1365 JP/RHS

CITY OF ALBUQUERQUE and
MARY BETH VIGIL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 2, 2002, the Defendants filed a Motion for Summary Judgment (Doc. No. 39). That same day, the Honorable Magistrate Judge Richard L. Puglisi entered an Order (Doc. No. 38) granting Plaintiffs' Motion to Compel (Doc. No. 28). On February 7, 2003, Judge Puglisi entered an Order (Doc. No. 54) directing the Defendants to re-answer certain interrogatories without objections and to re-respond without objections to certain requests for production of documents. Judge Puglisi also sanctioned the Defendants for violating his December 2, 2002 Order. *Id*.

On February 10, 2003, the Honorable Chief Magistrate Judge William W. Deaton[1] denied without prejudice Defendants' Motion for Summary Judgment until the Plaintiffs had an opportunity to follow up on the additional discovery Judge Puglisi had ordered the Defendants to provide. *See* Doc. No. 56. On February 24, 2003, Defendants filed an appeal (Doc. No. 58) to

---

[1]The parties originally consented to Judge Deaton as the presiding judge. However, when Judge Deaton retired in the spring of 2003, the parties did not agree to have the Honorable Magistrate Judge W. Daniel Schneider as the presiding judge. The case was, therefore, reassigned to a district judge.

this Court of Judge Puglisi's February 7, 2003 Order.  On March 3, 2003, the Defendants filed a Motion to Renew Their Motion for Summary Judgment (Doc. No. 62).  The next day, Plaintiffs filed an Amended Motion to Take Additional Discovery or For Order Under Rule 37(b)(2) (Doc. No. 64).  On April 2, 2003, the Honorable Magistrate Judge Robert H. Scott granted Plaintiffs' amended motion to take additional discovery to the extent that "discovery shall be reopened for the purpose of allowing Plaintiffs to depose [Defendant] Mary Beth Vigil and Ms. Judy Kelley, Esq."  Doc. No. 76.  Judge Scott ordered that this additional discovery be completed on or before June 2, 2003.  *Id*.

On May 5, 2003, this Court denied Defendants' appeal of Judge Puglisi's February 7, 2003 Order and denied without prejudice the Defendants' Motion to Renew Their Motion for Summary Judgment pending the completion of the discovery ordered by Judge Scott on April 2, 2003.  Doc. No. 83.  The Plaintiffs complied with Judge Scott's April 2, 2003 Order by deposing Defendant Vigil and Ms. Kelley on May 22, 2003.  On June 2, 2003, the Defendants filed Defendants' Second Motion to Renew Their Motion for Summary Judgment (Doc. No. 88).  The Plaintiffs filed Plaintiffs' Motion for Leave to File Dispositive Motion Out of Time on June 17, 2003 (Doc. No. 92).  Having reviewed the briefs and relevant law, the Court finds that Defendants' Second Motion to Renew Their Motion for Summary Judgment should be granted in part and that Plaintiffs' Motion for Leave to File Dispositive Motion Out of Time should be granted.

A.  Background

This action is brought under Title VII, the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983, the New Mexico Human Rights Act, and state contract

law.  The bases for this lawsuit are essentially two-fold.  First, the female Plaintiffs, both Albuquerque Police Department (APD) police officers, contend that the Defendants acted unlawfully when they refused to allow the female Plaintiffs to use compensatory time, to use vacation leave, or to work part-time during maternity leave.  Second, Plaintiff Stephen Orr, Plaintiff Cynthia Orr's husband and an APD police officer, contends that he was unlawfully retaliated against when he agreed to testify that he was allowed to take compensatory time for his paternity leave.

B.  Discussion

    1.  Defendants' Second Motion to Renew Motion for Summary Judgment (Motion to Renew)

The Defendants argue that since Defendant Vigil and Ms. Kelley have been deposed in compliance with the Court's May 5, 2003 Memorandum Opinion and Order, the Defendants should be allowed to renew their Motion for Summary Judgment.  The Defendants ask the Court to allow the Plaintiffs fourteen days to supplement their response to the Motion for Summary Judgment with respect to the issue of whether Defendant Vigil was a policymaker for the Defendant City of Albuquerque, and to allow the Defendants fourteen days to reply to the Plaintiffs' supplemental response.

The Plaintiffs oppose the Defendants' motion to renew for several reasons.  First, the Plaintiffs note that the Defendants did not comply with D.N.M. LR-Cv 7.1(a) by failing to determine whether the Plaintiffs opposed the motion to renew before filing the motion to renew. Although the Defendants did not comply with Rule 7.1(a), the purpose of Rule 7.1(a), to avoid the filing of uncontested motions, would not have been fulfilled in this case because the motion to

renew is in fact contested. The Court will, therefore, not summarily deny the motion to renew for violating Rule 7.1(a). However, the Court expects the Defendants to carefully read and to comply with the Local Rules in the future.

Second, the Plaintiffs argue that in deposing Defendant Vigil and Ms. Kelley the Defendants' counsel, Jonlyn Martinez, engaged in speaking and coaching objections in violation of Fed. R. Civ. P. 30(d)(1) and the Defendants are, therefore, subject to sanctions. The Plaintiffs ask the Court to sanction the Defendants by denying the motion to renew. Rule 30(d)(1) states that "[a]ny objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner." Rule 30(d)(3) states that "[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof."

Counsel violates Rule 30(d)(1) when counsel's objections "result in an incomplete answer or in the witness's adoption of counsel's statement...." *Plaisted v. Geisinger Medical Center*, 210 F.R.D. 527, 534 (M.D. Pa. 2002). *See also Damaj v. Farmers Ins. Co., Inc.*, 164 F.R.D. 559, 560 (N.D. Okl. 1995)("Frequent and suggestive objections by opposing counsel" violate Rule 30(d)(1)). It is improper for counsel "'to act as an intermediary, interpreting questions, deciding which questions the witness should answer.'" *Plaisted*, 210 F.R.D. at 534 (quoting *Hall v. Clifton Precision, a Div. of Litton Systems, Inc.*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)). "If the witness is confused about a question, or if a question seems awkward or vague to the witness, the witness may ask the deposing counsel to clarify the question." *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. 1999). *See also In re Stratosphere*

*Corp. Securities Litigation*, 182 F.R.D. 614, 621 (D. Nev. 1998).  If counsel objects to a question at deposition based on the form of the question, counsel may briefly explain the objection if the deposing counsel asks for an explanation and counsel does not in the explanation suggest an answer to the deponent.  *Quantachrome Corp.*, 189 F.R.D. at 701 n.4.  Counsel, however, may not object to a question because counsel does not understand the question nor may counsel interpret a question on the record.  *Damaj*, 164 F.R.D. at 560 n.1 (quoting *Hall*, 150 F.R.D. at 530 n.10).

     Ms. Martinez on at least two occasions improperly tried to interpret the deposing counsel's (Mary Han) questions because she thought they were ambiguous and unclear.  Deposition of Mary Beth Vigil at 8-9; Deposition of Judy Kelley at 26-28.  Moreover, Ms. Martinez on four other occasions objected to the form of Ms. Han's questions and improperly proceeded to explain her objection without a request from Ms. Han for an explanation.  Deposition of Mary Beth Vigil at 21, 35, and 41; Deposition of Judy Kelley at 26.  Consequently, the Court finds that Ms. Martinez violated Rule 30(d)(1).

     Having found violations of Rule 30(d)(1), the question becomes whether sanctions are appropriate.  The standard for sanctions under Rule 30(d)(3) is whether the conduct by counsel "frustrated the fair examination of the deponent."  In this case, the violations of Rule 30(d)(1) were not frequent and did not significantly or substantially frustrate the progress of the examinations.  *See, e.g., Plaisted*, 210 F.R.D. at 534 (objections went on for pages); *Oleson v. Kmart Corp.*, 175 F.R.D. 570, 573 (D. Kan. 1997)(substantial interference with depositions); *Damaj*, 164 F.R.D. at 560 (frequent objections).  Furthermore, if Ms. Han sincerely believed that she did not have an opportunity to fairly examine Defendant Vigil and Ms. Kelley, she could have

moved to terminate the depositions under Rule 30(d)(4). *See Quantachrome Corp.*, 189 F.R.D. at 701. Instead, the Plaintiffs did not raise the Rule 30(d)(1) issues until they responded to the Defendants' motion to renew. Interestingly, the Plaintiffs did not request an opportunity to re-depose Defendant Vigil and Ms. Kelley, a viable alternative to sanctions. *See, e.g., Plaisted*, 210 F.R.D. at 535. The Plaintiffs' requested sanction, i.e., that the Court deny the Defendants' motion to renew, is simply too harsh under the circumstances in this case. The Court, therefore, denies the Plaintiffs' request for sanctions.

Third, the Plaintiffs raise in footnote 7 of their response the possibility that Ms. Martinez has a conflict of interest if she is representing Ms. Kelley in addition to the named Defendants. If the Plaintiffs believe that there is a conflict of interest issue, the Court advises them to raise that issue in an appropriate motion under the Local Rules.

Fourth, the Plaintiffs contend that the Court should deny the Defendants' motion to renew because it seeks to unduly limit the scope of the Plaintiffs' supplemental response to whether Defendant Vigil is a policymaker. None of the orders filed with respect to the Defendants' Motion for Summary Judgment and the allowance of further discovery limited supplemental briefing to the issue of whether Defendant Vigil is a policymaker. In fact, Judge Deaton stated in his February 10, 2003 Order denying the Defendants' Motion for Summary Judgment without prejudice that "Plaintiffs shall have the opportunity to supplement their response to Defendants' Motion with the above materials, as appropriate." Even so, denying the Defendants' motion to renew because it seeks to unduly limit the supplemental briefing is a harsh and inappropriate remedy. The appropriate remedy is to allow the Plaintiffs' supplemental brief to address any issue based on discovery obtained subsequent to December 2, 2002.

Finally, the Plaintiffs argue that they are entitled to file a surreply because the Defendants put forth new evidence and arguments in their reply to the Plaintiffs' amended response to the Motion for Summary Judgment. The Plaintiffs, however, do not specify what the Defendants' new evidence or arguments are. Nonetheless, the Plaintiffs suggest that the Court allow them to file a single supplemental brief, i.e. a surreply, addressing both the new evidence they have obtained and the new evidence and arguments raised in the Defendants' reply. The Defendants do not object to the Plaintiffs filing a surreply so long as it is limited to the issue of Defendant Vigil's role as a policymaker. The Defendants ask that the Court provide them with an opportunity to respond to any surreply submitted by the Plaintiffs. In the interests of justice and in accordance with the findings in this Memorandum Opinion and Order, the Court will permit the Plaintiffs to file a surreply, a single supplemental brief, based upon the discovery Plaintiffs obtained since December 2, 2002 and addressing the new evidence and arguments, if any, contained in the Defendants' reply. The Defendants may then file a response to the Plaintiffs' surreply.

2. Plaintiffs' Motion for Leave to File Dispositive Motion Out of Time

The Plaintiffs ask in their response to the Defendants' motion to renew and in a separate motion to be able to file an untimely dispositive motion. The Plaintiffs argue that they did not receive timely discovery and so were unable to file a timely dispositive motion. The Defendants oppose the Plaintiffs' request for permission to file an untimely dispositive motion because they believe the Plaintiffs were not diligent in obtaining timely discovery, that the Plaintiffs never indicated until now that they intended to file a dispositive motion, and that the Plaintiffs had timely discovered evidence with which to base a timely dispositive motion. The Court rejects the Defendants' opposition to the Plaintiffs' motion to file an untimely dispositive motion. Since

discovery has just recently been completed and no trial date has been set, there is no justifiable reason to deny the Plaintiffs' request to file an untimely dispositive motion.

IT IS ORDERED that:

1. Defendants' Second Motion to Renew Their Motion for Summary Judgment (Doc. No. 88) is granted in part;

2. Plaintiffs may file a surreply to the Defendants' Motion for Summary Judgment by August 5, 2003;

3. The Plaintiffs' surreply must only address evidence discovered since December 2, 2002 and the new evidence and arguments, if any, contained in the Defendants' reply;

4. Defendants may file a response to the Plaintiffs' surreply by August 15, 2003;

5. Plaintiffs' Motion for Leave to File Dispositive Motion Out of Time on June 17, 2003 (Doc. No. 92) is granted; and

6. Plaintiffs' dispositive motion must be filed by August 5, 2003 and the motion must be briefed according to the Local Rules.

_____
CHIEF UNITED STATES DISTRICT JUDGE