leave to reflect use of compensatory time and/or vacation time; this prior agreement involved issues very similar to the ones in this case occurring in the same City department.  Hence, Rule 408(a) applies to evidence of that prior agreement.

The Plaintiffs offer evidence of the agreement between the City and eight female officers to show Defendant's Vigil's liability for pregnancy/sex based discrimination prior to February 1997 as well as to show her liability in this case for continuing to engage in pregnancy/sex based discrimination.  Under these circumstances, Rule 408(a) prohibits the admissibility of evidence of that agreement to prove Plaintiffs' claims of pregnancy/sex based discrimination.  Even if this conclusion "is doubtful, the better practice is to exclude evidence of compromises or compromise offers."  *Id*. at 1364.  Accordingly, evidence of the prior agreement between the City and eight female officers cannot be considered by Court.[27]

Plaintiffs also offer a statement by Det. Dow to show that Defendant Vigil wrongly treated other pregnant officers in the same way she treated the Plaintiffs.  Det. Dow states that in 1994 she was told to take FMLA leave for the birth of her child and that she had to take paid leave first, then unpaid leave for her parental leave.  Ex. 19 (attached to Exhibits "1" Through "24").  Det. Dow had wanted to combine paid leave with unpaid leave, but she does not specify in her statement how she wanted to combine the paid leave with unpaid leave.  Det. Dow's situation was unlike the Plaintiffs' situation because Det. Dow does not state that she was asking to use compensatory time, vacation, or part-time work for her parental leave.  Furthermore, Administrative Instruction No. 7-13, the policy in effect at the time Det. Dow had her child,

---

[27]The Court notes that Plaintiffs do not dispute that Rule 408 excludes evidence of that prior agreement.

would have required that Det. Dow take paid leave first before taking unpaid leave, which is exactly what occurred.  Hence, a reasonable juror could not find that Det. Dow's statement presents evidence of pretext.

Plaintiffs further argue that Ms. Saenz's lawsuit is evidence of pretext because Defendant Vigil played a key role in the pregnancy discrimination Ms. Saenz endured.  Ms. Saenz now states that "it was Ms. Vigil who forced me to take light duty because of my pregnancy, determined the nature of my light duty assignments, and refused to allow me to take intermittent leave even though I was entitled to do so under the APOA contract and even though male officers were permitted to do so, even when they were serving disciplinary suspensions. ...  Over the course of my eighteen-year employment with APD, I observed that Ms. Vigil took a special interest in pregnant officers and sought to punish them for being pregnant."  Affidavit of Marie A. Saenz at ¶¶5 and 6, Ex. 1 (attached to Reply in Support of Plaintiffs' Brief Presenting Additional Evidence of Pretext (Doc. No. 165), filed May 5, 2006).  These statements, however, do not carry any weight.  First, Defendant Vigil did not on her own initiative impose light duty on Ms. Saenz; the Claims Validation Unit made the decision to place Ms. Saenz on light duty.  Second, it is curious that Ms. Saenz did not raise the issue of being denied intermittent leave in her lawsuit but now makes that allegation without any specific supporting facts.  Third, Ms. Saenz's statement that Defendant Vigil punished pregnant police offices is simply conclusory, a personal opinion, and unsupported by factual allegations.  Finally, Ms. Saenz's lawsuit did not address the issues presented in this case, namely the issues of use of compensatory time and part-time work for parental leave by female officers.  Consequently, a reasonable juror could not find that Ms. Saenz's lawsuit is evidence of pretext by Defendant Vigil in her interactions with the Plaintiffs.

e.  Plaintiffs' Direct Evidence of Pretext

Plaintiffs assert that Defendant Vigil told them they had to take 12 weeks of FMLA leave because of their pregnancies; Defendant Vigil denies she said that to Plaintiffs.  However, this dispute about what was said is of no significance on the issue of pretext because of what actually happened.  The undisputed facts are that Plaintiff Orr took 13 weeks of parental leave and Plaintiff Paiz only took approximately 10 weeks of parental leave.  These undisputed facts show that Defendant Vigil did not actually require Plaintiffs to take 12 weeks of FMLA leave.  Consequently, a reasonable juror could not find that Plaintiffs' allegation that Defendant Vigil instructed Plaintiffs to take 12 weeks of FMLA leave is direct evidence of pretext when, in fact, Defendant Vigil did not limit Plaintiffs to 12 weeks of FMLA leave.

D.  Conclusion

Having reviewed the evidence as a whole, the Court concludes Plaintiffs have not demonstrated pretext "by producing evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons."  *See Jaramillo*, 427 F.3d at 1308.  In other words, Plaintiffs' allegations of pretext have not completely displaced Defendant Vigil and the City's "legitimate, non-discriminatory explanation, leaving no explanation for the decision."  *See id*. at 1309.  Because Plaintiffs did not carry their burden of showing pretext, summary judgment should be entered in Defendants' favor on Plaintiff Orr's Title VII and NMHRA claims with respect to her first pregnancy and Plaintiff Paiz's Title VII and NMHRA claims.

IT IS ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 39) is granted in that a separate final summary judgment will be entered dismissing with prejudice Plaintiff Orr's Title VII and NMHRA claims with respect to her first pregnancy and Plaintiff Paiz's Title VII and NMHRA claims.


_____
SENIOR UNITED STATES DISTRICT JUDGE

34